UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| JOHN NICCUM, | ) |
| | ) |
| Petitioner, | ) |
| | ) |
| v. | ) No. 1:16-cv-00822-TWP-MJD |
| | ) |
| WARDEN, Plainfield Correctional Facility,[1] | ) |
| | ) |
| Respondent. | ) |

**Order Denying Petition for Writ of Habeas Corpus
and Directing Entry of Final Judgment**

The petition of John Niccum, an inmate in the Indiana Department of Correction (IDOC), for a writ of habeas corpus challenges a prison disciplinary proceeding identified as No. IYC 16-01-0148. For the reasons explained in this Entry, Mr. Niccum's habeas petition must be **denied**.

**A.    Overview**

Prisoners in Indiana custody may not be deprived of good-time credits, *Cochran v. Buss,* 381 F.3d 637, 639 (7th Cir. 2004) (per curiam), or of credit-earning class, *Montgomery v. Anderson,* 262 F.3d 641, 644-45 (7th Cir. 2001), without due process. The due process requirement is satisfied with the issuance of advance written notice of the charges, a limited opportunity to present evidence to an impartial decision-maker, a written statement articulating the reasons for the disciplinary action and the evidence justifying it, and "some evidence in the record" to support the finding of guilt. *Superintendent, Mass. Corr. Inst. v. Hill*, 472 U.S. 445, 454 (1985); *Wolff v.*

---

[1] In 2017, the Indiana Legislature changed the Department of Correction title of Superintendent to Warden. The substitution of Warden for Superintendent is made in this action pursuant to *Fed. R. Civ. P.* 25(d). The **clerk is directed** to update the docket to reflect this substitution.

*McDonnell,* 418 U.S. 539, 570-71 (1974); *Piggie v. Cotton*, 344 F.3d 674, 677 (7th Cir. 2003); *Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000).

B. **The Disciplinary Proceeding**

On January 13, 2016, IDOC Officer C. Torzewski completed a Report of Conduct charging Mr. Niccum with possession of an unauthorized substance, a violation of Disciplinary Code for Adult Offenders section 202-B. Officer Torzewski's report reads:

> On [01/13/2016] at approximately 5:40pm, I . . . was conducting a shakedown of property box belonging to Offender Niccum, John #128642 (H1-12U). During the search I discovered a piece of folded paper containing orange colored paper wrapped in tape. I believed the orange colored paper to be suboxone and quickly secured it.

Dkt. 8, p. 3.

Mr. Niccum was notified of the charge on January 29, 2016, when he received the Screening Report. Dkt. 8, p. 10. He pled not guilty to the charge and requested a lay advocate, witnesses, and evidence. *Id.*

Keith Beasley, Mr. Niccum's cellmate, provided a statement that the suboxone was his. He told Sgt. Rolland and signed a statement that he put the drugs in Mr. Niccum's property box while Mr. Niccum was at his job. Beasley wrote that he knew a shakedown was occurring and he did not think they would shake down Mr. Niccum's property box since he was at his job. Mr. Niccum's property box was unlocked, so Beasley put the drugs in his box. Dkt. 8, p. 12. Sgt. Rolland signed a statement confirming Beasley's incriminating statement. Dkt. 8, p. 14.

The disciplinary hearing was held February 3, 2016. The hearing officer found Mr. Niccum guilty based on the conduct report, Mr. Niccum's statement, the witness statements, the photograph of the evidence, the testing results, and the property confiscation form that was provided to

2

Mr. Niccum when the drugs were found. The sanctions imposed included a sixty-day earned-credit-time loss and a credit class demotion.

An appeal to the Facility Head and then to the IDOC Final Reviewing Authority was unsuccessful. Mr. Niccum then brought this petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2254.

### C. Analysis

Mr. Niccum presents three grounds for relief. All three challenge the sufficiency of the evidence to support his conviction on the possession charge. He understandably focuses, quite strenuously, on Beasley's statement that he – not Mr. Niccum – put the drugs in Mr. Niccum's unlocked property box and locked it while Mr. Niccum was gone from their cell. But the Warden asserts that there is some evidence to support the disciplinary conviction, sufficient under *Hill*, and also points to the prison's constructive possession rule. Thus the issue in this action is whether one inmate can constructively possess something in his cell that his cellmate claims ownership of.

The threshold legal standard is that challenges to the sufficiency of the evidence are governed by the "some evidence" standard. "[A] hearing officer's decision need only rest on 'some evidence' logically supporting it and demonstrating that the result is not arbitrary." *Ellison v. Zatecky*, 820 F.3d 271, 274 (7th Cir. 2016); *see Eichwedel v. Chandler*, 696 F.3d 660, 675 (7th Cir. 2012) ("The some evidence standard . . . is satisfied if there is any evidence in the record that could support the conclusion reached by the disciplinary board.") (citation and quotation marks omitted). The "some evidence" standard is much more lenient than the "beyond a reasonable doubt" standard. *Moffat v. Broyles*, 288 F.3d 978, 981 (7th Cir. 2002). "[T]he relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Hill*, 472 U.S. at 455-56.

In applying this standard, the Court must take into account the IDOC's constructive possession policy. The IDOC defines "possession" to include "any property, prohibited property or contraband that is located on their person, *within their cell* or within areas of their housing, work, educational or vocational assignment that are under their control." Disciplinary Code for Adult Offenders, Section III, ¶ BB (emphasis added). According to the IDOC's definition, anything inside Mr. Niccum's cell was in his possession.

In *Hamilton v. O'Leary*, 976 F.2d 341, 345 (7th Cir. 1992), the court affirmed a disciplinary sanction imposed on an Illinois inmate in part based on an almost identical prison policy defining possession. In *Giles v. Hanks*, 72 F. App'x 432, 434 (7th Cir.2003), the court affirmed the conviction where another inmate had claimed ownership of the contraband. The court held that "two individuals may exercise joint possession." In *United States v. Alanis*, 265 F.3d 576 (7th Cir. 2001), the court upheld a firearm possession conviction despite contentions that the firearm was owned by the appellant's wife and found in her separate bedroom. *See also Dickerson v. United States*, 2011 WL 3471325, unpub. order (S.D. Ill. Aug. 8, 2011) (applying *Hamilton* to uphold prison discipline under the *Hill* "some evidence" standard where contraband in an inmate's cell was claimed to be owned by the petitioner's cellmate).

Applying *Hill* and *Hamilton* to this action, and in light of the IDOC's definition of possession, the Court finds that there was some evidence to support his disciplinary conviction. Because the IDOC makes an inmate responsible for anything found in his cell, a policy upheld in *Hamilton*, Mr. Niccum constructively possessed Beasley's suboxone. Accordingly, the petition for a writ of habeas corpus must be **denied**.

### D. Conclusion

"The touchstone of due process is protection of the individual against arbitrary action of the government." *Wolff*, 418 U.S. at 558. There was no arbitrary action in any aspect of the charge, disciplinary proceedings, or sanctions involved in Mr. Niccum's disciplinary case, and there was no constitutional infirmity in the proceeding which entitles Mr. Niccum to the relief he seeks. Accordingly, as noted above, Mr. Niccum's petition for a writ of habeas corpus is **denied** and this action **dismissed**.

Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 2/5/2018

TANYA WALTON PRATT, JUDGE
United States District Court
Southern District of Indiana

Electronic distribution to all electronically registered counsel via CM/ECF and by U.S. mail to:

JOHN NICCUM
128642
PLAINFIELD - CF
PLAINFIELD CORRECTIONAL FACILITY
Inmate Mail/Parcels
727 MOON ROAD
PLAINFIELD, IN 46168